FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLIE W.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:24-CV-3054-MKD <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS <br><br> **ECF No. 10** |

Before the Court is Defendant's Motion to Dismiss. ECF No. 10. Plaintiff is proceeding *pro se*. Special Assistant United States Attorney Zachary Berkoff-Cane represents Defendant. The Court has reviewed the briefing and the record

---

[1] To protect the privacy of plaintiffs in Social Security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1  herein and is fully informed.  For the reasons discussed below, the Court grants

2  Defendant's motion.

## BACKGROUND

4  As a child, Plaintiff received benefits under Title XVI of the Social Security

5  Act, beginning on February 1, 1993.  Tr. 79.  After Plaintiff reached the age of 18,

6  the Commissioner redetermined Plaintiff's eligibility, concluding he was no longer

7  disabled as of August 31, 2010.  Tr. 79.  On January 8, 2014, following a hearing,

8  an Administrative Law Judge (ALJ) found Plaintiff's disability ended on October

9  31, 2010.  Tr. 79-92.  Plaintiff then sought judicial review of the ALJ's decision in

10 this Court, which remanded the matter on March 31, 2016.  *See* No. 1:15-CV-

11 3016, ECF No. 21.  On March 1, 2017, an ALJ again issued an unfavorable

12 hearing decision, finding Plaintiff's disability ended on October 31, 2010.  ECF

13 No. 10-1 at 38-48.  The Commissioner avers there is "no indication that [Plaintiff]

14 further appealed the Administrative Law Judge decision, or that the Appeals

15 Council took action to review the decision on its own motion." *Id.* at 3-4.

16 Subsequently, Plaintiff filed applications for Title II and XVI benefits on,

17 respectively, October 2, 2020, and December 17, 2020.  Tr. 267-80.  On December

18 30, 2022, following administrative proceedings, an ALJ found Plaintiff disabled as

19 of August 30, 2022.  Tr. 31-36.

20

ORDER - 2

On August 28, 2023, Plaintiff filed a request for review with the Appeals Council, stating he is "appealing back to 2010 for all the backpay owed to me." Tr. 27.  On September 13, 2023, the Appeals Council, apparently construing Plaintiff's request for review as an appeal of the fully favorable December 2022 ALJ decision, informed Plaintiff he must send a "statement showing the reason(s) why [he] did not file the request for review within 60 days" of the decision.  Tr. 16.  By letter postmarked September 29, 2023, Plaintiff stated: "[T]he reason my appeal was late was because of a memory disability that I have suffered, an overdose in 2020 and its messed up my brain pretty bad also I see a lot of doctors which keeps me pretty busy so I was unable to file a timely appeal." Tr. 15 (as written).  Plaintiff further noted: "I'm writing to appeal my disability back to 2010 when I was cut off I filed an appeal in 2014 sent it and never heard back so I'm owed a pretty substantial backpay amount …." Tr. 15 (as written).  The Appeals Council dismissed Plaintiff's request for review on March 21, 2024.  Tr. 4-5.

Plaintiff, proceeding *pro se*, filed the Complaint in this matter on April 18, 2024, alleging as follows: "I was wrongfully taken off benefits at 18 and have been sick since 18 so I'm requesting a new hearing to get all backpay owed to me.  I'm also filing for emotional distress this has caused me." ECF No. 1 at 4.  Defendant filed the instant Motion to Dismiss on July 16, 2024, contending Plaintiff's appeal

of the Commissioner's 2017 decision is untimely and that Plaintiff's emotional distress claim is barred by 42 U.S.C. § 405(h).  ECF No. 10 at 2.

## DISCUSSION

### A. Review of 2017 Decision

Liberally construing Plaintiff's Complaint, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), Plaintiff seeks to appeal the finding that his disability ended on October 31, 2010.  ECF No. 1 at 4.  A claimant may obtain judicial review of a final decision of the Commissioner by filing a civil action within 60 days after the mailing of such a decision.  42 U.S.C. § 405(g).  The Appeals Council may extend this period "upon a showing of good cause."  42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).  It is presumed the claimant receives the notice five days after the date on the notice, unless "there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).

As noted above, on March 1, 2017, an ALJ issued an unfavorable decision, finding Plaintiff's disability ended on October 31, 2010.  ECF No. 10-1 at 3.  As further noted above, the Commissioner avers there is "no indication that [Plaintiff] further appealed the Administrative Law Judge decision, or that the Appeals Council took action to review the decision on its own motion."  ECF No. 10-1 at 3-4.  The March 2017 decision thus constituted the Commissioner's final decision.  Under 42 U.S.C. § 405(g), Plaintiff had 60 days after March 1, 2017 – that is, until

ORDER - 4

May 1, 2017 – to seek judicial review of the Commissioner's final decision. Plaintiff filed this action on April 18, 2024, well-beyond the 60-day statute of limitations set by 42 U.S.C. § 405(g). ECF No. 1.

Although this 60-day statute of limitations must be strictly construed, it is nevertheless subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 479, 481 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). However, there is nothing in the record to indicate Plaintiff submitted a request to extend the deadline. Moreover, Plaintiff's Complaint lacks sufficient factual allegations demonstrating circumstances under which the statute of limitations should be equitably tolled. The Court thus finds the 60-day time restriction set forth in 42 U.S.C. § 405(g) applies and bars review of the Commissioner's March 1, 2017, decision.

**B. Emotional Distress Claim**

Plaintiff also appears to assert an emotional distress claim. ECF No. 1 at 4 ("I'm also filing for emotional distress this has caused me."); *see also* ECF No. 12 at 1 (Plaintiff noting he is seeking "emotional distress damages caused by the SSA's negligence and unfair rulings."). This claim is barred under 42 U.S.C. § 405(h), which provides, in relevant part: "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising

ORDER - 5

Case 1:24-cv-03054-MKD    ECF No. 14    filed 09/13/24    PageID.449    Page 6 of 6

under this subchapter." The Ninth Circuit has held that "section 405(h) bars [a] state law claim" under the Federal Tort Claims Act, such as this claim, where such a claim arises out of the termination of benefits. *Hooker v. U.S. Dep't of Health & Hum. Servs.*, 858 F.2d 525, 530 (9th Cir. 1988). The Court thus dismisses Plaintiff's emotional distress claim.

## CONCLUSION

For the reasons explained above, the Court grants Defendant's Motion to Dismiss, ECF No. 10.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, **ECF No. 10**, is **GRANTED**.

2. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED** with prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, enter judgment for Defendant, provide copies to the parties, and **CLOSE THE FILE**.

DATED September 13, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 6